FILED '23 09 18 PM 02:09 MDGA-ALB

Scott Brown, *Pro Se*
9616 South 244th Place
Kent, Washington, 98030-0716
Telephone: 206-351-9913
Email: scottbrownrei@gmail.com

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

---

SCOTT BROWN, *Pro Se*          Civil Action No.:  1:23 cv 162

            Plaintiff,

-  against -

HAROLD ISRAEL,
PEGGY ISRAEL,

                          **DEMAND FOR JURY TRIAL**

           Defendants

---

## COMPLAINT FOR EJECTMENT PURSUANT TO GEORGIA CODE TITLE 44 CHAPTER 11 ARTICLE 1 AND FOR DAMAGES FOR THE UNAUTHORIZED USE AND POSSESSION OF MY PATENTED LAND AND THE ENGAGEMENT OF TIMBER AND/OR MINERAL OPERATIONS

      I, Scott Brown, state the following for my Complaint against the

aforementioned Defendants:

## Preliminary Statement

1.      This is an action for ejectment pursuant to Georgia Code Title 44 Chapter 11 Article 1 and for damages for the unauthorized use of my patented lands and the engagement of timber and/or mineral operations, arising from the fact that I am a direct heir of grantee, Edmund Lashley. As a result, I have succeeded to his ownership of the Georgia Land Grant, issued November 29, 1831. As a direct heir of Edmund Lashley, the language of the said portion of Edmund Lashley Land Grant that proves that my title is good against the world, as an unbroken chain of title exists directly from the Sovereign State of Georgia directly to me as an heir states: **"By his Excellency Wilson Lumpkin Governor and Commander-in-Chief of the Army and Navy of this State and of the Militia thereof.**

*TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:*

*KNOW YE,* **that in pursuance of the several acts of the General Assembly of this State, passed the 9th of June, and 24th December, 1825, and the 11th and 27th of December, 1826, to make distribution of the land acquired of the Creek Nation of Indians, by a Treaty concluded at the Indian Springs, on the 12th day of February, 1826, and forming the Counties of Lee, Muscogee, Troupe, Coweta and Carroll, in this State, HAVE GIVEN AND GRANTED, and by these presents, DO GIVE AND GRANT unto Edmund Lashley of Carrols district, Columbia County, his heirs and assigns forever, all that tract or lot of land, containing two hundred two**

and a half acres…To have and to hold the said tract or lot of land, together with all and singular the rights, members and appurtenances thereof whatsoever unto the said Edmund Lashley his heirs and assigns, to his and their proper use, benefit and behoof forever in fee simple."

2.         <u>**GENEALOGICAL BREAKDOWN**</u>

- **EDMUND LASHLEY,** born 1763; married **DELILA OLIVE,** born 1765

➤ Issue: **ELIZABETH LASHLEY,** born 1802

- **ELIZABETH LASHLEY,** born 1802; married **LEWIS THOMAS,** born 1797

➤ Issue: **GREEN THOMAS SR.,** born 1845

- **GREEN THOMAS SR.,** born 1845; married **SARA THOMAS,** born 1844

➤ Issue: **MARY L. THOMAS,** born 1892
- **MARY L. THOMAS,** born 1892; married **JAMES MURRAY,** born 1889

➤ Issue: **ARTRIE LEE GRAHAM,** born 1916

     **ARTRIE LEE GRAHAM,** born 1916; married **FRED GRAHAM JR.,** born 1904

➤ Issue: **SHIRLEY GRAHAM,** born 1935

     **SHIRLEY GRAHAM,** born 1935; married **CHRISTOPHER**

**BROWN JR.**, born 1936

  ➢ Issue: **SCOTT V. BROWN SR.**, born 1962

  **SCOTT V. BROWN SR.; LIDO RAYNA ALLEN**, born 1960

  ➢ Issue: **SCOTT V. BROWN JR.**, born 1984

(True and correct copies of my genealogical records are annexed herein as Exhibit A).

3.    Accordingly, I am the fee simple owner of the aforementioned November 29, 1831 Georgia Land Grant and claim the right to possession of tracts of land, situated in Lee County, containing two hundred two and a half acres, more or less, and being more particularly described as follows: ***"all that tract or lot of land, containing two hundred two and a half acres, situated, lying and being in the TWENTY-THIRD District, of the FIRST Section, in the County of Lee in said State, which said tract or lot of land is known and distinguished in the plan of said District by the number Two Hundred and Twenty Six having such shape, form and marks as appear by a plat of the same hereunto annexed: To have and to hold the said tract or lot of land, together with all and singular the rights, members and appurtenances thereof whatsoever unto the said Edmund Lashley his heirs and assigns, to his and their proper use, benefit and behoof forever in fee simple.***
***GIVEN under my hand and the great seal of the said state, this twenty ninth day of November in the year of our LORD one thousand eight hundred and thirty one."***

9.     At the commencement of this action and at all times hereinafter
mentioned, individual Defendant Peggy Israel, as of September, 2023, was and
is a natural person, a citizen of the United States, and a resident of the State of
Georgia.

## STATEMENT OF FACTS

10.     This is an action at law and concerns patented land, located within Lee
County, Georgia, based upon a Georgia State Land Grant, issued on the 29th of
November, 1831. The said Land Patent was issued on November 29, 1831 to
my direct ancestor Edmund Lashley and to his heirs, of which I have
succeeded to his ownership. The description of the land is as follows: *"all that
tract or lot of land, containing two hundred two and a half acres, situated,
lying and being in the TWENTY-THIRD District, of the FIRST Section, in
the County of Lee in said State, which said tract or lot of land is known and
distinguished in the plan of said District by the number Two Hundred and
Twenty Six having such shape, form and marks as appear by a plat of the
same hereunto annexed: To have and to hold the said tract or lot of land,
together with all and singular the rights, members and appurtenances
thereof whatsoever unto the said Edmund Lashley his heirs and assigns, to
his and their proper use, benefit and behoof forever in fee simple.
GIVEN under my hand and the great seal of the said state, this twenty ninth
day of November in the year of our LORD one thousand eight hundred and
thirty one."*

(A true and correct copy of said Land Grant along with its Plat is annexed herein as Exhibit B).

11.    Upon information and belief, Defendant Harold Israel has been unlawfully possessing sections of my patented two hundred and two and a half acreage land.

12.    Upon information and belief, Defendant Peggy Israel has been unlawfully possessing sections of my patented two hundred and two and a half acreage land.

13.    My heirship succession to ownership interest in the November 29, 1831 Georgia Land Grant is also reflected in the Deed and Affidavit in Support, which are both recorded in the Lee County Court Deeds Office (True and correct copies of said Deed and Affidavit will be presented during discovery).

14.    In *Fletcher v. Peck*, Chief Justice Marshall stated: ***"A contract is a compact between two or more parties, and is either executory or executed. An executory contract is one in which a party binds himself to do, or not to do, a particular thing; such was the law under which the conveyance was made by the Governor. A contract executed is one in which the object of contract is performed, and this, says Blackstone, differs in nothing from a grant. The contract between Georgia and the purchasers were executed by the grant. A contract executed, as well as one which is executory, contains obligations binding on the parties. A grant, in its own nature amounts to an***

The Defendants are wrongfully depriving me of possession thereof, for which damages amounting over $75,000 dollars are here demanded and to be proven at trial. In addition, I demand of the Defendants damages for the unauthorized use and my patented lands and engagement of timber and/or mineral operations and for the unauthorized occupation of my patented land.

## JURISDICTION AND VENUE

4.     Personal jurisdiction over the Defendants is appropriate because they claim a legal interest in the Georgia patented land that is the subject of this action.

5.     This Court has diversity jurisdiction of this matter under 28 U.S.C. §1332 because this is a civil action between citizens of different states and the amount in controversy is greater than $75,000.

6.     Venue is proper in this Court because the patented land at issue is situated within this District, in Lee County, Georgia.

### Parties

7.     At the commencement of this action and at all times hereinafter mentioned, Plaintiff Scott Brown was a natural person, a citizen of the United States, and a resident of the State of Washington.

8.     At the commencement of this action and at all times hereinafter mentioned, individual Defendant Harold Israel, as of September, 2023, was and is a natural person, a citizen of the United States, and a resident of the State of Georgia.

*extinguishment of the right of the grantor, and implies a contract not to reassert that right. A party is therefore always estopped by his own grant...every grant is attended by 'an implied contract' on the part of the grantor not to claim again the thing granted. Thus, grants are brought within the category of contracts having continuing obligation...When a law is in the nature of a contract, when absolute rights have vested under that contract, a repeal of the law cannot divest those rights...A party to a contract cannot pronounce its own deed invalid, although that party be a sovereign State...A grant is a contract executed...A law annulling conveyances is unconstitutional because it is a law impairing the obligation of contracts within the meaning of the Constitution of the United States..."* See Fletcher v. Peck, 10 U.S. 87 (1810).

15.    The United States Supreme Court held that *"...land received through a land patent remains with the grantee's heirs"...* (*See French's Lessee v. Spencer*, 62 U.S. 228, 232, 16 L. Ed. 97 (1858).

16.    My title is good against the world, as an unbroken chain of title exists directly from the Sovereign State of Georgia (A State under the United States of America) directly to me as an heir.

## COUNT I – EJECTMENT

17.    The foregoing paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

18.    This count is a cause of action for ejectment, brought pursuant to

Georgia Code Title 44 Chapter 11 Article 1.

19.     I, Scott Brown, am the fee simple owner of the patented land that is subject of this action and hold superior legal title to said patented land pursuant to the Georgia State Land Grant, issued to my ancestor Edmund Lashley.

20.     I have a right to immediate possession of the said patented land as an heir of the original grantee.

21.     My right to possession of the subject patented land comes directly from the sovereign State of Georgia (A State under the United States of America).

22.     Defendants are in unlawful possession of my patented land.

23.     Upon information and belief, Defendants have been in unlawful possession and may have been engaged in unauthorized timber and/or mineral operations on my patented land.

24.     Upon information and belief, Defendants may have generated millions of dollars during their unlawful possession of my patented land.

25.     Upon information and belief, some Defendants might have leasing agreements with entities and/or individuals for the purpose of engaging in unauthorized timber and/or mineral operations.

26.     The Defendants unauthorized possession and use of my patented land, described herein, have caused great injury to me by, among other things, preventing me from benefitting from the economic opportunities that would

have provided financial stability and security to me, my children and my future grandchildren.

## **PRAYER FOR RELIEF**

27.    **WHEREFORE,** Plaintiff prays for relief as follows:

An award in favor of Plaintiff against Defendants for all damages, (compensatory, restitution, punitive) sustained as a result of Defendants unlawful possession of my patented land and the possible unauthorized engagement of timber and/or mineral operations in an exact amount that exceeds over $75,000 dollars and to be determined at trial, including:

(a) Respectfully request that this Honorable Court respect my substantial rights to a jury trial and to not prevent me from my right to conduct discovery;

(b) Grant Plaintiff any further relief that this Honorable Court deems appropriate.

Dated: September 12, 2023               Respectfully submitted,

Scott Brown, *Pro Se*